JAMES H. HAYNES, and others, *vs.* ARTHUR R. GOULD.

Penobscot.   Opinion April 8, 1891.

*Insolvency.   Parties.   Limitations.   Judgment.   Common Law Action.   R. S.,*
*c. 70, § 62.*

In an action on the case against -the defendant for fraudulently procuring a
resolution of composition, under the insolvent law, in which it appeared that
the plaintiffs were creditors but did not become parties to the proceedings;
and no fraud or deceit towards the plaintiffs was shown; neither were they
induced to do or omit to do any act whatever; nor to forego any right
against their debtor, *Held:* that the plaintiffs have no legal cause of action.

Under R. S., c. 70, § 62, creditors in composition proceedings, who desire to
avoid them for fraud, must bring their suit within two years, or they will
be barred.

ON EXCEPTIONS.

(Declaration.)   "In a plea of the case; for that one James
H. Oak, of Presque Isle, in the County of Aroostook, was, on
the twenty-third day of March, A. D. 1887, owing the plaintiffs
for merchandise before that time sold and delivered to him, the
sum of two hundred and sixty-two dollars and fifty-six cents,
which said debt was wholly unsecured, and was owing other
creditors whose claims were wholly unsecured, large sums, to
wit; in all the sum of $18,123.41, and said Oak was then and
there insolvent, having assets available to said creditors, to the
value of $15,000.

"That on the 23d day of said March, Howes, Hilton & Harris,
Charles McLaughlin & Co., both of Portland, in the County of
Cumberland, and Oscar Holway & Co., of Auburn, in the County
of Androscoggin, creditors of said Oak, filed in the Insolvent
Court in Houlton in the County of Aroostook, a petition in due
form, representing that they believed and had reason to believe
that said Oak was insolvent, and that it was for the best interest
of all the creditors that the assets of such debtor should be
distributed as provided by law; and upon hearing on said petition
said Oak was, on the fifth day of April, A. D, 1887, adjudged
insolvent, and thereupon the warrant required by law issued to

the messenger, returnable April 27th, A. D. 1887, for the proof of claims and choice of assignee.

"That on the eleventh day of said April, said Arthur C. Gould, for the purpose of influencing said insolvency proceedings bought and took the absolute title by assignment of the claims of the three petitioning creditors above-named and of ten other creditors, aggregating in all the sum of $9,271.26, and having acquired the title and ownership of said claims which, together with a debt due by said insolvent to him of $169.06, was then a creditor representing more than one half of said insolvent's unsecured debts.

"That on the 27th day of said April the said defendant for the purpose of securing the title to the assets of said insolvent, and of defrauding the plaintiffs and the other unsecured creditors, secured the election of himself as assignee of said insolvent, and thereupon, by a conveyance by the judge of said Insolvent Court, took title to, and the possession of all the real and personal estate, books, notes, accounts and memoranda of said insolvent.

"That thereupon, said defendant, with intent and purpose of defrauding said plaintiffs and other creditors, set himself to procure a composition under Section 62, of Chap. 70, of the Revised Statutes, for twenty-five per cent of the actual net claims against said estate, representing to the creditors, that such per cent was all that could be realized out of the assets thereof, and himself signed the affidavit provided in said section, as the attorney, duly authorized, the several names of the fourteen original creditors whose claims he had before that time purchased and taken an assignment of, and then owned, and was himself the sole creditor therefor, aggregating, with his own claim, the sum of $9,440,52, and further represented to the creditors that the large creditors (meaning the creditors whose claims he had purchased as aforesaid) had examined the assets and had signed off for that per cent; by which individual efforts and false representations and unlawful use of the names of fourteen persons, not creditors, instead of one, he secured the requisite number of creditors and the requisite amount in value

required by said section ; and said insolvent on the 29th day of June, 1887, took the oath required and was thereupon discharged.

" And the plaintiffs aver that said defendant took and appropriated the assets of said insolvent estate for his own use, which if properly administered, as it was the defendant's duty to have done, would have paid much more than twenty-five per cent to all the creditors ; and that said defendant received from said assets, directly and indirectly, a much larger dividend than twenty-five per cent on his own debt of $169.06 and on the claims purchased by him as aforesaid, which excess plaintiffs aver they, with the other creditors, were deprived of by the false representations and fraudulent and unlawful acts of said defendant as aforesaid.

. " And they further aver that all and singular, the representations made by the defendant, as aforesaid, were false, and that said defendant then and there knew them to be false, and that they were made with the intent to defraud the plaintiffs and the other creditors, and did so injure and defraud them, to their damage as they say the sum of five hundred dollars."

Upon the reading of the writ, the presiding justice ruled that, upon proof of the facts as alleged in the writ, the plaintiffs could not recover, and ordered a nonsuit. To this ruling the plaintiffs excepted.

*Barker, Vose and Barker,* for plaintiffs.

Writ discloses an infringement of plaintiffs' legal rights. Having a legal remedy, equity will not lie to avoid multiplicity of suits. R. S., c. 70, does not abridge any common law right ; it enlarges the remedy. Plaintiffs attack no judgment or decree which defendant can invoke in his defense. They had the right to presume that all the proceedings in insolvency would be open, fair and in good faith. They allege that defendant has by fraudulent acts and false oaths imposed upon the court ; that he bought claims for the purpose of influencing the proceedings.

*F. A. Wilson and C. F. Woodard,* for defendant.

Plaintiffs' remedy is by bill under R. S., c. 70, § 13, if dissatisfied with any decision of the Insolvency Court. *Harris* v. *Peabody,* 73 Maine, p. 266. Have had their day in court and declined it.

Proceedings cannot now, after distribution and long delay, be attacked collaterally. There is nothing wrong or illegal in purchasing claims after bankruptcy or insolvency, and they may be proved by the purchaser in his own name, or of the assignor. *Re, Murdock,* 1 Low, 362 ; *Re, Davenport, Ib,* 384 ; *Re, Pease,* 6 B. R. 173 ; *Re, Strachan,* 3 Biss. 181. This objection should have been taken in the Court of Insolvency as well as the election of the assignee, voting on each claim, assent to composition, &c., and subject to revision by this court. Cannot raise these questions originally in this court while the judgments and and decisions below are in force. *Bird* v. *Cleveland,* 78 Maine, 524. Plaintiff's real complaint is the action of other creditors. Their action lawful ; immaterial what led to it. *Heywood* v. *Tillson,* 75 Maine, 225.

HASKELL, J. Case against Arthur R. Gould, for that Arthur C. Gould fraudulently contrived to procure a resolution of composition under the insolvent law in the matter of James H. Oak, of whom the plaintiffs were unsecured creditors.

Unless the defendant and Arthur C. Gould are identical, of which there is no proof, of course the action cannot be maintained. But, assuming that they are the same, no fraud or deceit is shown towards the plaintiffs. They were not parties to the insolvency proceedings ; neither were they induced to do or omit to do any act whatever, nor to forego any right against their debtor. If the insolvency proceedings were fraudulent, they were void as to plaintiffs, who have stood by and without protest allowed their debtor's estate to be apportioned among his creditors, and who, for two years at least, might have sued for and recovered their debt of Oak. R. S., c. 70 § 62. When this suit was brought does not appear. The plaintiffs have no legal cause for their action. Their grievance is *damnum absque injuria.*

If the insolvent proceedings were not fraudulent and void, the plaintiffs, residents of this state, are bound by the record in the insolvent court, and will be so long as it stands undisturbed.

*Exceptions overruled.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.